IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| 1302 NORTH MAIN ST. MERIDIAN LLC, a California Limited Liability Company,<br><br>        Plaintiff,<br><br>v.<br><br>MERIDIAN KIDS CLUB, INC., INC., an Idaho Corporation,<br><br>        Defendant. | Case No. CV-09-367-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion to Remand (Docket No. 4).  The Court has determined that the decisional process on the motion would not be significantly aided by oral argument.  Therefore, the Court will address the motion without a hearing.

## BACKGROUND

This case arises out of a non-judicial foreclosure proceeding under Title 45, Chapter 15, Idaho Code, concerning real property commonly known as 1302 North Main Street, Meridian, Ada County, Idaho (the "Subject Property").  Defendant Meridian Kids Club, Inc. ("Meridian Kids Club") formerly owned the Subject

**Memorandum Decision and Order – 1**

Property and had, on November 21, 2006, granted the subject deed of trust against the Subject Property (the "Deed of Trust").

On May 13, 2009, 1302 North Main St. Meridian LLC's ("North Main") predecessor in interest ("Lender") was conveyed title to the Subject Property as a result of the trustee's sale conducted as part of the non-judicial foreclosure of the Deed of Trust. At the time of the trustee's sale, Meridian Kids Club owned and was in possession of the Subject Property, subject to the Deed of Trust.

On June 10, 2009, Lender conveyed title to the Subject Property to North Main by means of a recorded grant deed.  Meridian Kids Club (or people or entities claiming by, through, or under Meridian Kids Club) has remained in possession of the Subject Property after the trustee's sale, apparently without the permission or the consent of either Lender or North Main.

North Main brought this action for possession of the Subject Property in the state court of Idaho, pursuant Idaho Code § 45-1506(11), which provides that the purchaser at the trustee's sale (or, in this case, North Main, as the successor holder of the purchaser's interests in the Subject Property following Lender's grant deed to North Main) shall be entitled to possession of the Subject Property on the tenth (10th) day following the trustee's sale. After being properly served with North Main's Complaint in the state court action, Meridian Kids Club filed a document

**Memorandum Decision and Order – 2**

titled "Notice of Removal of Action," purportedly under 28 U.S.C. § 1446, in an attempt to remove the case to federal court. North Main then filed a motion to remand, which is now at issue.

## ANALYSIS

### I.     Meridian Kids Club Representation

As an initial matter, the Court notes that Defendant Meridian Kids Club is not properly represented in this matter. Pursuant to Local Rule 83.4, "[w]henever an entity other than an individual desires or is required to make an appearance in this Court, the appearance shall be made only by an attorney of the bar of this Court or an attorney permitted to practice under these rules." Meridian Kids Club, the sole defendant in this matter, is a corporation. Raymond N. Chace, Jr. filed a response brief on behalf of Meridian Kids Club. However, Mr. Chace is not a licensed attorney.

The issue is ultimately moot because, as explained below, the Court is remanding this case to State court. However, in the event Meridian Kids Club intends to file any further briefs in this matter, it must be done through an attorney of the bar of this Court or an attorney permitted to practice under the Court's local rules.

### II.    Motion to Remand

**Memorandum Decision and Order – 3**

"Removal jurisdiction is statutory and strictly construed." *Gould v. Mutual Life Ins. Co. Of New York*, 790 F.2d 769, 773 (9th Cir. 1986). An action filed in state court may be removed if the district court could have exercised jurisdiction over the action if originally filed there. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); 28 U.S.C. § 1441. Federal district courts have original jurisdiction in cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is not the case here as North Main has not asserted any claims arising under the Constitution, laws, or treaties of the United States.

Alternatively, this Court has original jurisdiction if the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Complete diversity must exist at removal when an action is removed based on diversity. *Id.* The diversity jurisdiction statute considers citizenship, not residency in determining whether complete diversity exists. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Where litigants are entities, diversity jurisdiction depends on the form of the entity. "[A] corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); 28 U.S.C. § 1332(c)(1). An LLC is a citizen of every state of which its owners/members are

**Memorandum Decision and Order – 4**

citizens.  *Id.*

Here, Meridian Kids Club is a corporation.  Thus, its citizenship is based on its principal place of business and the state in which it is incorporated.  *Id.* According to the Complaint, and not disputed by the defendant, Meridian Kids Club is an Idaho corporation with its principal place of business in Idaho. Meridian Kids Club is therefore an Idaho citizen.

North Main is an LLC.  The Court has no information regarding the members of North Main. Therefore, the Court cannot determine North Main's citizenship.

However, even if North Main is not a citizen of Idaho and complete diversity exists, the case must be remanded to State court based on the "forum defendant rule."  Section 1441(b) imposes a limitation on actions removed pursuant to diversity jurisdiction by stating that "such action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); *Spencer v. U.S. Dist. Court for Northern Dist. of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004).  "This forum defendant rule reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state." *Id.* (Internal quotations and citation

**Memorandum Decision and Order – 5**

omitted).  In a case where the defendant is a citizen of the state in which state court suit was brought, the risk of prejudice to an out-of-state defendant is absent.  *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006).  "The forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court." *Id.*

A plaintiff who wishes to try its case in state, rather than federal, court may have the case remanded to state court based on a procedural defect.  28 U.S.C. § 1447(c).  A removal made in violation of the forum defendant rule is treated as a procedural defect in the removal. *Lively*, 456 F.3d at 942.  In this case, there is a procedural defect in the removal because Meridian Kids Club, the sole defendant, is an Idaho citizen for purposes of diversity jurisdiction.  Accordingly, Meridian Kids Club improperly removed the case to federal court, and the case will be remanded to State court.

## III.   Attorney Fees

North Main seeks attorney fees because Meridian Kids Club improperly removed the case to federal court.  An order of remand may require the defendant to pay the plaintiff's "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the

**Memorandum Decision and Order – 6**

removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007). Thus, although district courts retain discretion to determine whether such unusual circumstances exist as to depart from the rule, the reasons for departing from this general rule "should be faithful to the purposes of awarding fees under § 1447." *Id.* (Internal quotation and citation omitted).

Here, North Main is entitled to an award of it its attorney fees and costs incurred in seeking a remand. Meridian Kids Club had no objectively reasonable basis for removing the mater to this Court. The removal statute and case law plainly state that removal based on diversity jurisdiction is confined to instances where no defendant is a citizen of the forum state. There is no dispute that Meridian Kids Club is a citizen of Idaho, the forum state.

Counsel for North Main shall file an affidavit setting forth the following: (1) (1) date(s), (2) service(s) rendered, (3) hourly rate, (4) hours expended, (5) a statement of attorney fee contract with the client, and (6) information, where appropriate, as to other factors which might assist the Court in determining the dollar amount of the fee and costs to be allowed. The Court will then enter the amount of attorney fees and costs Meridian Kids Club owes North Main.

**Memorandum Decision and Order – 7**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (Docket No. 4) shall be, and the same is hereby, GRANTED, and this case shall be REMANDED to state court.

IT IS FURTHER ORDERED that the Court will retain jurisdiction in the matter for the sole purpose of determining the amount of fees and costs awarded to Plaintiff.

DATED:  **March 20, 2010**



Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – 8**